John OLAGUES, Plaintiff—Appellant,

v.

Leon KOUSHARIAN; et al.,
Defendants—Appellees.

No. 05–15114.

United States Court of Appeals,
Ninth Circuit.

Submitted April 5, 2006.*

Filed April 10, 2006.

John Olagues, River Ridge, LA, Pro Se.

Michael Von Loewenfeldt, Ken & Wagstaffe LLP, Michael Von Loewenfeldt, Andrew Dimitriou, Esq., Dimitriou & Associates, San Francisco, CA, Stephen R. Raab, Esq., Marin County Counsel's Office, San Rafael, CA, for Defendants–Appellees.

Before: HAWKINS, McKEOWN, and PAEZ, Circuit Judges.

MEMORANDUM **

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, we deny appellant's request for oral argument.

** This disposition is not appropriate for publi-

538

John Olagues appeals pro se from the district court's order dismissing his 42 U.S.C. § 1983 action alleging that appellees violated his constitutional rights during the course of an international child custody dispute. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Bateson v. Geisse,* 857 F.2d 1300, 1305 (9th Cir.1988), and affirm.

 Olagues alleged his procedural due process rights were violated when officials removed his children from his custody in Louisiana on July 23, 2003. The district court properly dismissed this claim because the New Zealand and California court orders demonstrated that Olagues had a protected interest in maintaining physical custody of his children only within California between July 2 and 18, 2003. *See id.*

Olagues alleged he was falsely arrested and imprisoned by appellees Leon Kousharian, Otis Bruce, Christopher Pool, and Patricia Stafford, in connection with a "failed extradition attempt." The district court properly concluded that these appellees were entitled to qualified immunity on the ground that they reasonably believed there was probable cause for Olagues' arrest. *See Saucier v. Katz,* 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001). The New Zealand and California court orders indicated that Olagues had custody of the children in California until July 18, 2003; there was evidence he took the children to Louisiana on July 10, 2003, and stated on July 21, 2003 that he would not return the children to California; and California law permits an individual to be criminally charged and punished even if he is not present in California at the time of the violation. *See* Cal.Penal Code §§ 278.5, 279, 778a.

cation and may not be cited to or by the courts of this circuit except as provided by

Olagues also sought the return of his children to his custody pursuant to the Hague Convention on the Civil Aspects of International Child Abduction of 1980, as implemented by the International Child Abduction Remedies Act ("ICARA"), 42 U.S.C. §§ 11601, *et seq.* The district court properly dismissed this claim for lack of jurisdiction because at the time Olagues filed his action the children were in New Zealand. *See* 42 U.S.C. § 11603(b) (authorizing commencement of ICARA proceedings in a court "which is authorized to exercise its jurisdiction in the place where the child is located at the time the petition is filed."); *see also Holder v. Holder,* 305 F.3d 854, 869 n. 5 (9th Cir.2002). Further, this claim is moot as to all appellees other than Charlotte Jensen, the children's mother, because only she has control over the children in New Zealand, and Olagues has moved this court to dismiss Jensen with prejudice.

Olagues' remaining contentions are without merit.

We deny all outstanding motions as moot.

**AFFIRMED.**